10-1103-cv
Magnoni v. Smith & Laquercia

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of May, two thousand twelve.

PRESENT:  RALPH K. WINTER,
          CHESTER J. STRAUB,
          GERARD E. LYNCH,
                    *Circuit Judges.*

_____

RENATA MAGNONI,
          *Plaintiff-Counter-Defendant-Appellant*,

          v.                                             No. 10-1103-cv

SMITH & LAQUERCIA, THOMAS LAQUERCIA,
          *Defendants-Counter-Claimants-Appellees*.

_____

FOR APPELLANT:      Renata Magnoni, *pro se*, Valley Stream, New York.[1]

FOR APPELLEE:       Thomas E. Chase, Rottenberg Lipman Rich, P.C., New York, New York.

---

[1] After filing pro se briefs, Magnoni retained attorney Stephen N. Preziosi. On May 10, 2012, he filed a notice of appearance and moved to adjourn the May 17 oral argument to a later date, explaining that he was too busy with other matters to prepare for argument on the scheduled date. We denied that motion, but Preziosi failed to appear at oral argument.

Appeal from the United States District Court for the Southern District of New York (Victor Marrero, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Renata Magnoni, pro se, appeals from the district court's order dismissing her claims under the Fair Labor Standards Act ("FLSA"), New York Wage and Hour Law, and New York City Human Rights Law, following a bench trial. See Magnoni v. Smith & Laquercia, LLP, 701 F. Supp. 2d 497 (S.D.N.Y. 2010). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

"We review the district court's findings of fact after a bench trial for clear error and its conclusions of law *de novo*." Arch Ins. Co. v. Precision Stone, Inc., 584 F.3d 33, 38-39 (2d Cir. 2009) (internal quotation marks omitted). "We will not upset a factual finding unless we are left with the definite and firm conviction that a mistake has been committed." White v. White Rose Food, 237 F.3d 174, 178 (2d Cir. 2001) (internal quotation marks omitted). Having conducted an independent review of the record in light of these principles, we affirm the district court's judgment.

Magnoni's attack on the factual findings of the district court is unavailing. With respect to Magnoni's overtime compensation claim, the district court properly credited the substantial documentary evidence over Magnoni's testimony, and concluded that Magnoni failed to carry her burden of proving that Smith & Laquercia undercompensated her, because her "presentation of her overtime claim was unsubstantiated or exceedingly unclear." See

2

<u>Magnoni</u>, 701 F. Supp. 2d at 504, citing <u>Grochowski v. Phoenix Constr.</u>, 318 F.3d 80, 87-88 (2d Cir. 2003). She persistently calculated her overtime on a daily basis, rather than on the basis of a 40-hour workweek as required by the statute, *see* 29 U.S.C. § 207(a) (requiring overtime for hours worked in excess of a 40-hour workweek), failed to produce any meaningful evidence in support of her calculations, and, most significantly, failed to account for time spent working on her process-serving business – which was clearly substantial, since the parties agree that the business generated several hundred affidavits of service in 2005, and 270 such affidavits in 2006.

Similarly, Magnoni's testimony about her claim for unused vacation time was refuted by documentary evidence. The district court did not clearly err in crediting that evidence over Magnoni's implausible testimony that the company vacation policy, which was clearly set forth in writing, did not apply to her. On appeal, Magnoni asserts for the first time that even if that policy did apply to her, she is entitled to vacation time that she accrued through April 2007. However, she did not make this argument below, and it is therefore waived. <u>See</u> <u>Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.</u>, 396 F.3d 96, 124 n.29 (2d Cir. 2005) (arguments that were "available but not pressed below" are waived on appeal (internal quotation marks omitted)). Magnoni's failure to raise this issue below is not a mere technicality; as defendants note, had the issue been raised at trial, defendants could have relied on record evidence that Magnoni failed to account for days that she was absent from work during the first quarter of 2007, which may have used up some or all of that vacation time. Accordingly, it cannot be said that the district court's findings of fact on this point were clearly erroneous.

Finally, the district court was entitled to take Magnoni's incredible testimony on her other claims into account in assessing Magnoni's hostile work environment claim. Thus, ample evidence supported the district court's finding that Magnoni's testimony was not credible. That certain aspects of her testimony regarding that claim were corroborated by a credible witness, or even admitted by defendant Laquercia, does not establish that the district court clearly erred in discrediting the bulk of Magnoni's testimony, in light of the totality of the evidence.

Magnoni's evidentiary arguments are no more persuasive. First, she argues that the district court erred in refusing to admit her Exhibit 1, a schedule she prepared purportedly reflecting her overtime hours. We review a district court's evidentiary rulings for abuse of discretion. Cameron v. City of New York, 598 F.3d 50, 61 (2d Cir. 2010). The district court acted within its discretion in refusing to admit this exhibit under Federal Rule of Evidence 803(6), because the court was entitled to find that Magnoni had not established the foundational requirement that "the source of information or the method or circumstances of preparation indicate[d] a lack of trustworthiness." See Fed. R. Evid. 803(6)(E).[2] The district court also properly refused to admit the exhibit under Federal Rule of Evidence 803(5). The district court properly allowed Magnoni to read from the document, which is all that the rule requires; the rule permits a district court to admit a recorded recollection as an exhibit only where the writing is offered by an adverse party.

---

[2] "To avoid future confusion, we quote the restyled Federal Rules of Evidence, which took effect December 1, 2011, because their substance is the same as the version in effect at the time of" Magnoni's bench trial. See United States v. Coppola, 671 F.3d 220, 245 n.17 (2d Cir. 2012).

Second, Magnoni argues that the district court erred in taking judicial notice that "Quickie" is a brand of wheelchair. The Federal Rules of Evidence permit a court to take judicial notice sua sponte, and at any stage of a proceeding, of a fact "not subject to reasonable dispute" that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." See Fed. R. Evid. 201(b). That "Quickie" is a brand of wheelchair is a fact not subject to reasonable dispute, which can be accurately and readily confirmed by accessing the Quickie corporate website, as the district court demonstrated. Accordingly, the district court did not err in taking judicial notice of that fact. Nor did the court err by failing to give prior notice to the parties. While the Federal Rules of Evidence provide that "[a] party is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed," the relevant rule specifically allows for such an opportunity to be provided *after* the court has taken judicial notice. See Fed. R. Evid. 201(e).

Magnoni does not assert that "Quickie" is *not* a brand of wheelchair, or that the fact is subject to reasonable dispute or is difficult to verify. See Fed. R. Evid. 201(b). Thus, given the opportunity to argue the propriety of judicial notice, she has not effectively challenged it. If her argument is construed as a challenge to the district court's finding that Laquercia's explanation of the term "quickie" was more plausible than Magnoni's explanation, that argument lacks merit, because the court did not clearly err in crediting Laquercia's explanation over Magnoni's.

5

Finally, in her reply brief, Magnoni makes several new arguments not raised in her initial brief. "[A]rguments not made in an appellant's opening brief are waived even if the appellant pursued those arguments in the district court or raised them in a reply brief." JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V., 412 F.3d 418, 428 (2d Cir. 2005). We have applied this rule to pro se litigants as well as to represented ones. See, e.g., LoSacco v. City of Middletown, 71 F.3d 88, 92-93 (2d Cir. 1995) (concluding that pro se appellant abandoned issue by not raising it in opening brief). Accordingly, we decline to consider arguments that Magnoni made for the first time in her reply brief, to which appellees have not had an opportunity to respond.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court